IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FREDERICK SHAFFER HIGGINBOTHAM,   *
III, D.D.S., et ux.
                                  *
           Plaintiffs
                                  *
     vs.                              CIVIL ACTION NO. MJG-00-2764
                                  *
KCS INTERNATIONAL, INC.
t/a CRUISERS YACHTS, et al.       *

           Defendants             *

*     *     *     *     *     *     *     *     *

## MEMORANDUM AND ORDER

The Court has before it Defendant KCS International, Inc.'s Motion for Summary Judgment and Supplemental Motion for Summary Judgment, and the materials submitted by the parties relating thereto. The Court finds that a hearing is unnecessary to resolve this matter.

By Orders of the Court dated February 20, 2002 and March 20, 2002 respectively, the Court granted judgment to Defendants Warehouse Creek Yacht Sales, Inc. and Windline Inc. on the grounds that Plaintiffs did not present sufficient evidence to establish their warranty, negligence and strict liability claims.

Defendant KCS International, Inc. ("KCS") did not timely file a dispositive motion. Nevertheless, by Order of March 18, 2002 the Court granted it leave to file a summary judgment motion out of time. The leave was granted because the proffered motion,

although late, presented nothing more than the adoption of the positions presented by other Defendants in their timely filed motions. Similarly, KCS has been permitted to file a supplemental summary judgment motion merely adopting the position of the other Defendants with regard to the Supplemental Memorandum and Order issued March 20, 2002. Plaintiffs object to the acceptance of KCS's late filed motions.

In the circumstances here presented, no valid purpose would be served by the Court's declining to permit KCS to file the motions at issue. The reasoning in the Court's Orders grating summary judgment to other Defendants applies with equal force to Defendant KCS International, Inc. It is not in the interests of any party to decline to consider the said motions and to force the Plaintiffs and KCS to proceed to trial on meritless claims.

Therefore, for the reasoning stated in the Court's Orders of February 20, 2002 and March 20, 2002, Defendant KCS International, Inc. is entitled to summary judgment.

For the foregoing reasons:

    1. Defendant KCS International Inc.'s Motion for Summary Judgment IS GRANTED.

    2. Defendant KCS International Inc.'s Supplemental Motion for Summary Judgment IS GRANTED.

3.  Judgment shall be entered by separate Order.

SO ORDERED this 16th day of April, 2002.

_____
Marvin J. Garbis
United States District Judge