IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK SHAFFER<br>HIGGINBOTHAM, III, DDS, et al. | * | |
| | * | |
| Plaintiffs | | |
| | * | |
| v. | | CIVIL ACTION NO.:<br>MJG 00 CV 2764 |
| | * | |
| KCS INTERNATIONAL, INC.,<br>t/a CRUISERS YACHTS, et al. | * | |
| | | |
| Defendants | * | |

* * * * * * * * * *

## MOTION TO COMPEL PLAINTIFFS' PAYMENT OF EXPERTS FOR THE TIME THEY SPENT BEING DEPOSED BY PLAINTIFFS UNDER F.R.C.P. 26(b)(4)(C) AND LOCAL RULE 104.11

Windline, Inc., one of the Defendants, by ALLEN, KARPINSKI, BRYANT & KARP, DANIEL KARP, and J. CHRISTOPHER BOUCHER, respectfully requests that this Court compel Plaintiffs to provide payment to the experts that they chose to depose in this case for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

ALLEN, JOHNSON, ALEXANDER
& KARP
BY: _____
DANIEL KARP

_____
J. CHRISTOPHER BOUCHER
Suite 1540
100 E. Pratt Street
Baltimore, Maryland 21202
(410) 727-5000
Attorneys for Defendant Windline

## NOTICE OF SERVICE

I HEREBY CERTIFY that on this 17th day of March, 2003, a copy of Defendant's Motion to Compel Plaintiffs' Payment of Experts for the Time They Spent Being Deposed by Plaintiffs under F.R.C.P. 26(b)(4)(C) and Local Rule 104.11 was mailed, by first class mail, postage prepaid, to:

Mark T. Mixter, Esquire
The Law Offices of Mark T. Mixter, Esquire
20 South Charles Street, Twelfth Floor
Sun Life Building
Baltimore, MD 21201
Attorney for Plaintiffs

Mary Malloy Dimaio, Esquire
Maher & Associates
502 Washington Avenue
Suite 410, Nottingham Centre
Towson, Maryland 21204
Attorney for KCS International, Inc.

Richard L. Nilsson, Esquire
Brizendine and Nilsson
9690 Deereco Road, Suite 904
Timonium, Maryland 21093

_____
Of Counsel for Defendant
Windline, Inc.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FREDERICK SHAFFER HIGGINBOTHAM, III, DDS, et al. | * |
| Plaintiffs | * |
| v. | CIVIL ACTION NO.: MJG 00 CV 2764 |
| KCS INTERNATIONAL, INC., t/a CRUISERS YACHTS, et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PLAINTIFFS' PAYMENT OF EXPERTS FOR THE TIME THEY SPENT BEING DEPOSED BY PLAINTIFFS UNDER F.R.C.P 26(b)(4)(C) AND LOCAL RULE 104.11

Windline, Inc., one of the Defendants, by ALLEN, KARPINSKI, BRYANT & KARP, DANIEL KARP, and J. CHRISTOPHER BOUCHER, states as follows in support of Defendant's Motion to Compel Plaintiffs' Payment of Experts for the Time They Spent Being Deposed by Plaintiffs under F.R.C.P. 26(b)(4)(C) and Local Rule 104.11.

Plaintiffs should be compelled to pay the experts they deposed in this case. Plaintiffs are obligated to pay the Defendants' experts for the time they spent in and traveling to and from the depositions taken by Plaintiffs. Under F.R.C.P. 26(b)(4)(C), ". . . the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery. . ." Under Local Rule 104.11, ". . . any reasonable fee charged by an expert for the time spent in a discovery

3

deposition and in traveling to and from the deposition shall be paid by the party taking the deposition." Despite their obligations and despite the fact that Plaintiffs have been billed for and repeatedly asked to pay Defendants' experts for the time spent in deposition, Plaintiffs have failed and refused to do so.

On or about July 5, 2001 and again on January 3, 2002, Plaintiffs chose to take the deposition of Dr. David Buccholz. Dr. Buccholz provided Plaintiffs with a bill for his time spent in deposition in the amount of One Thousand One Hundred Dollars ($1100.00), a copy of which is attached hereto and incorporated herein as Exhibit A. Plaintiffs have only paid Five Hundred Dollars ($500.00) of the bill. Thus, Plaintiffs still owe Dr. Buccholz Six Hundred Dollars ($600.00).

On or about September 7, 2001 and again on September 26, 2001, Plaintiffs took the deposition of Dr. Clyde Richard. Dr. Richard provided Plaintiffs with a bill in the amount of One Thousand Five Hundred Ninety Eight Dollars and Ninety Five Cents ($1598.95), which included time spent in deposition ($1350.00) and copies of photographs and other documents Plaintiffs' counsel asked Dr. Richard to provide ($248.95), a copy of which is attached hereto and incorporated herein as Exhibit B. These costs are recoverable under F.R.C.P 26(b)(4). However, upon information and belief, Plaintiffs have not provided Dr. Richard with any payment, whatsoever.

On or about September 24, 2001, Plaintiffs took the deposition of Christopher Rosenthal, CPA. Mr. Rosenthal provided Plaintiffs with a bill for his time spent in deposition in the amount of One Thousand Five Hundred Dollars ($1500.00), a copy of

which is attached hereto and incorporated herein as Exhibit C. Upon information and belief, Plaintiffs inexplicably paid Mr. Rosenthal One Thousand Eighty Five Dollars and Seventy Five Cents ($1085.75). But, upon information and belief, Plaintiffs have not provided Mr. Rosenthal with the remaining payment of Four Hundred Fourteen Dollars and Twenty Five Cents ($414.25).

On or about September 26, 2001, Plaintiffs took the deposition of Dr. Harvey Paul, an economist. Dr. Paul provided Plaintiffs with a bill which included his time in deposition. Defendants provided it to Plaintiffs' counsel with the computation of the cost of the time spent in deposition, a copy of which is attached hereto and incorporated herein as Exhibit D, being Three Hundred Twelve Dollars and Fifty Cents ($312.50). Upon information and belief, Plaintiffs have not provided Dr. Paul with any payment, whatsoever.

Defendants have repeatedly asked Plaintiffs to provide payment, both orally and in writing. Examples of written requests for payment include the letters attached as Exhibit E.[1] As of yet, upon information and belief, Plaintiffs have not provided any additional payment to Defendants' experts.

WHEREFORE, Defendants respectfully request that this Court require Plaintiffs to provide payment to Defendants' experts through counsel for Windline in the amounts set forth in the attached proposed order and grant such other and further relief as this Court shall deem just and proper.

---

[1] As a supplement to these letters, Defendants point out that Mr. Layton was paid long ago. So, all of Plaintiffs' experts have now been paid for the time spent in deposition.

Respectfully submitted,

ALLEN, JOHNSON, ALEXANDER
& KARP

BY: _____
DANIEL KARP

_____
J. CHRISTOPHER BOUCHER
Suite 1540
100 E. Pratt Street
Baltimore, Maryland 21202
(410) 727-5000
Attorneys for Defendant Windline

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FREDERICK SHAFFER<br>HIGGINBOTHAM, III, DDS, et al. | * <br> * <br> * |
| Plaintiffs | * |
| v. | CIVIL ACTION NO.:<br>MJG 00 CV 2764 |
| KCS INTERNATIONAL, INC.,<br>t/a CRUISERS YACHTS, et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of Defendant's Motion to Compel Plaintiffs' Payment of Experts for the Time They Spent Being Deposed by Plaintiffs under F.R.C.P. 26(b)(4)(C) and Local Rule 104.11, it is this _____ day of _____, 2003, by the United States District Court for the District of Maryland,

**ORDERED** that Defendant's Motion to Compel Plaintiffs' Payment of Experts for the Time They Spent Being Deposed by Plaintiffs under F.R.C.P. 26(b)(4)(C) and Local Rule 104.11 is **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiffs shall provide payment payable to Dr. David Buccholz in the amount of Six Hundred Dollars ($600.00) to counsel for Defendant Windline within fifteen (15) days of the date of this order.

Plaintiffs shall provide payment payable to Dr. Clyde Richard in the amount of One Thousand Five Hundred Ninety Eight Dollars and Ninety Five Cents ($1598.95) to counsel for Defendant Windline within fifteen (15) days of the date of this order.

Plaintiffs shall provide payment payable to Christopher Rosenthal, CPA in the amount of Four Hundred Fourteen Dollars and Twenty Five Cents ($414.25) to counsel for Defendant Windline within fifteen (15) days of the date of this order.

Plaintiffs shall provide payment payable to Dr. Harvey Paul in the amount of Three Hundred Twelve Dollars and Fifty Cents ($312.50) to counsel for Defendant Windline within fifteen (15) days of the date of this order.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail copies of this Order to Plaintiffs and counsel for the Defendants.

_____
JUDGE